ORFINGER, Judge.
Because reasonable men could differ as to the amount and nature of the alimony awarded to the former wife, we find no abuse of discretion in that award and affirm. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The husband also complains of a provision in the final judgment which reduces his obligation for alimony by 50 cents for each dollar that the wife’s net income increases over the sum of $134.00 per week. There is no corresponding provision which serves to increase the husband’s obligation should the former wife's income diminish below that figure. He points to Wilbur v. Wilbur, 399 So.2d 47 (Fla. 5th DCA), pet. rev. den., 407 So.2d 1106 (Fla.1981) as authority for the proposition that automatic future increases or decreases in alimony awards are error.
We did so hold in Wilbur, but there the appellant was the party adversely affected by the provision. Here, the provision in question works to the appellant’s benefit, and the wife has not cross-appealed. Thus the former husband has no standing to raise that issue at this time. As pointed out in Wilbur, when a proper petition is presented to the trial court to either decrease or increase the alimony and a proper evidentiary showing is made, the court will be able to adjust the payments.
AFFIRMED.
UPCHURCH, C.J., and COWART, J., concur.